Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| Carmen Iris Cruz Figueroa<br><br>**Peticionaria**<br><br>V.<br><br>Juan Marcos Joaquín Hidalgo<br><br>**Recurrido** | TA2026CE00480 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm. CA2019CV01732<br><br>Sobre: Injunction (Entredicho provisional, Injunction preliminar y permanente), Liquidación de Comunidad de Bienes, Enriquecimiento Injusto, Daños |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de abril de 2026.

El 19 de abril de 2026, la Sra. Carmen Iris Cruz Figueroa (señora Cruz o peticionaria) compareció ante nos mediante *Certiorari* y solicitó la revisión de una *Resolución Interlocutoria* que se emitió y notificó el 24 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Solicitud de Reconsideración* y la *Solicitud de Orden y Relevo de Anotación de Rebeldía* que presentó la peticionaria.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 16 de mayo de 2019, la señora Cruz presentó una *Demanda* sobre liquidación de comunidad de bienes, *injunction* y daños y perjuicios contra el Sr. Juan Marcos Joaquín Hidalgo (señor Hidalgo o recurrido), entre otros codemandados.[1] Así las cosas, el 19 de julio de 2019, el señor Hidalgo presentó su aligación responsiva y

---

[1] *Véase*, Entrada Núm. 1, SUMAC TPI.

reconvención.[2] El 13 de diciembre de 2019, la señora Cruz presentó su *Réplica a Reconvención*.[3]

Tras varios trámites procesales, el 17 de enero de 2024, el señor Hidalgo instó una *Solicitud de Eliminación de Alegaciones por Cont[i]nuo y Reiterado Incumplimiento con Órdenes sobre Descubrimiento de Prueba*.[4] En respuesta, el 30 de enero de 2024, la señora Cruz presentó su oposición.[5]

Evaluadas las posturas de las partes, el 27 de febrero de 2024, el TPI emitió y notificó la *Resolución Nunc Pro Tunc* declarando Ha Lugar la *Solicitud de Eliminación de Alegaciones por Cont[i]nuo y Reiterado Incumplimiento con Órdenes sobre Descubrimiento de Prueba*, presentada por el señor Hidalgo.[6] Inconforme, el 13 de marzo de 2024, el señor Cruz presentó una *Solicitud de Reconsideración*,[7] la cual fue declarada No Ha Lugar por el TPI mediante una *Orden* que se emitió y notificó el 12 de abril del 2024.[8] Aún en desacuerdo, la peticionaria presentó ante un panel hermano el recurso núm. KLCE202400522 el cual fue desestimado el 6 de junio de 2024 mediante una *Sentencia* por falta de jurisdicción.[9]

Así las cosas, el 20 de septiembre de 2024, el TPI dictó y notificó una *Sentencia Parcial* en la cual desestimó todas las causas de acción pendientes de resolución que se instaron en la *Demanda* en contra de los demandados, quedando únicamente por atenderse los asuntos concernientes a la Reconvención.[10] Además, ese mismo día, a saber, el 20 de septiembre de 2024, el TPI emitió y notificó una *Resolución* mediante la cual anotó en rebeldía a la señora Cruz en cuanto a la reconvención al amparo de las Reglas 34.3(b)(3) y 45 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3(b)(3) y 45, y de lo resuelto en *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807 (2023).

---

[2] *Véase*, Entrada Núm. 32, SUMAC TPI.
[3] *Véase*, Entrada Núm. 62, SUMAC TPI.
[4] *Véase*, Entrada Núm. 316, SUMAC TPI.
[5] *Véase*, Entrada Núm. 336, SUMAC TPI.
[6] *Véase*, Entrada Núm. 355, SUMAC TPI.
[7] *Véase*, Entrada Núm. 356, SUMAC TPI.
[8] *Véase*, Entrada Núm. 376, SUMAC TPI.
[9] *Véase*, Entrada Núm. 395, SUMAC TPI.
[10] *Véase*, Entrada Núm. 413, SUMAC TPI.

En desacuerdo con estos dictámenes, el 21 de octubre de 2024, la peticionaria acudió nuevamente ante un panel hermano en el recurso núm. KLCE202401140. Atendido el recurso, el 6 de marzo de 2025, el Tribunal de Apelaciones dictó una *Sentencia* confirmando los dictámenes impugnados.[11] Recibido el Mandato del Tribunal de Apelaciones, continuaron los procedimientos ante el TPI y el 13 de enero de 2026, se celebró una vista sobre el estado de los procedimientos en la cual el TPI señaló la Conferencia con Antelación al Juicio para el 24 de febrero de 2026 y concedió hasta el 18 de febrero de 2026 para presentar el Informe Preliminar de Conferencia entre los abogados.[12]

A pesar de que nuestro panel hermano había confirmado el dictamen del TPI relacionado con la anotación de rebeldía de la peticionaria, el 24 de febrero de 2026, esta última presentó una *Solicitud de Orden y Relevo de Anotación de Rebeldía*.[13] Ese mismo día, se celebró la Conferencia con Antelación al Juicio y en lo pertinente, el TPI resolvió lo siguiente: "En cuanto a la moción presentada por la parte demandante, se declara No Ha Lugar a la solicitud de relevo de anotación de rebeldía y le concede a la parte demandada hasta el 6 de marzo de 2026 para replicar".[14] En cumplimiento con esta orden, el 5 de marzo de 2026, el señor Hidalgo replicó a la *Solicitud de Orden y Relevo de Anotación de Rebeldía* que la peticionaria presentó el 24 de febrero de 2024.[15] En cuanto al asunto relacionado con el relevo de anotación de rebeldía, sostuvo

---

[11] *Véase*, Entrada Núm. 433, SUMAC TPI.
[12] *Véase*, Entrada Núm. 441, SUMAC TPI.
[13] *Véase*, Entrada Núm. 454, SUMAC TPI.
[14] *Véase*, Entrada Núm. 457, SUMAC TPI. Cabe precisar que, de la *Minuta* de esta vista no surgía la firma del Juez. Recodemos que, en el caso de *Pueblo v. Ríos Nieves*, 209 DPR 264, 280-281 (2022), el Tribunal Supremo dictaminó lo siguiente: ".... la Regla 32(b) del Reglamento para la Administración del TPI, *supra*, establece que las minutas deberán notificarse a las partes o sus abogados cuando incluyan una resolución u orden emitida por el juez en corte abierta. A su vez, requiere la firma del juez o jueza que la dictó. Por lo tanto, esta regla le impone un requisito de forma al juez que emitió la determinación en corte abierta para que, con su firma, le imprima validez y certeza a esa decisión recogida mediante la minuta. Es decir, para que la orden o resolución acogida dentro de una minuta tenga legitimidad y eficacia es indispensable que esté firmada por el juez o la jueza que emitió el dictamen interlocutorio".
[15] *Véase*, Entrada Núm. 460, SUMAC TPI.

que ya el TPI mediante la *Minuta* de la Conferencia con Antelación al Juicio lo había declarado No Ha Lugar.

Así las cosas, el 24 de marzo de 2026, la señora Cruz presentó una solicitud de reconsideración en la cual, en lo pertinente, sostuvo que el TPI no había resuelto mediante Orden o Resolución alguna el asunto relacionado a la solicitud de relevo a la anotación de rebeldía.[16] Acogida la solicitud de reconsideración, ese mismo día, el 24 de marzo de 2026, el TPI emitió y notificó una *Resolución Interlocutoria* mediante la cual, en lo pertinente, resolvió lo siguiente: "El tribunal declara no ha lugar la solicitud de reconsideración que presentó hoy la demandada, con ello, declaramos no ha lugar la solicitud que la demandada presentó el 24 de febrero de este año para que se deje sin efecto la rebeldía que le fue anotada (entrada 454 en el expediente)".[17]

Inconforme con este dictamen, el 19 de abril de 2026, la señora Cruz presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el TPI al no considerar los planteamientos de la Parte Reconvenida en torno a su solicitud de relevo de anotación de rebeldía y posteriormente dejar sin efecto la anotación que el propio TPI llevó, a pesar de que esta cuenta con múltiples defensas afirmativas que presentar en contra de múltiple prueba documental y testifical que pretende el Reconviniente presentar y que no anunció sino hasta la presentación del Informe de Conferencia Preliminar Entre Abogados.**

Junto a su recurso, la peticionaria presentó una solicitud de auxilio de jurisdicción en la cual pidió que se paralizaran los procedimientos ante el TPI hasta tanto se atendiera la controversia ante nuestra consideración.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones,

---

[16] *Véase*, Entrada Núm. 468, SUMAC TPI.
[17] *Véase*, Entrada Núm. 469, SUMAC TPI.

según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

## II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 215 DPR ___ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de

Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe y declaramos ***No Ha Lugar*** la solicitud de auxilio de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones